PEARCE v. DEGRAFFENREID.

[70 South. 561.]

REPLEVIN. *Sale of property. Collateral attack. Defective trust deed. Title.*

Where P. sold certain machinery to S. and took a deed of trust on the same to secure a part of the purchase money and S. failed to pay, and the trustee under the trust deed instituted replevin under which the property was seized by the sheriff and sold to P., under Code 1906, section 4229, providing for the sale of property too expensive to keep, and after the levy under the replevin writ, execution was issued on a judgment in an action by D. against S. and placed in the hands of the sheriff, and P. filed his claimant's affidavit in the execution proceedings, and

110 Miss.—30

D., contended that the trustee had not been legally appointed
and that the description of the property in the trust deed was
void for uncertainty. In such case D. could not question the
validity of the judgment in the replevin suit; and as the re-
plevin writ and the sale thereunder were void on the face of
the record, and since P.'s lien was transferred from the prop-
erty to the proceeds of the sale, P.'s title acquired by the sale
was good as against D.

APPEAL from the circuit court of Lauderdale county.
HON. J. L. BUCKLEY, Judge.

Suit in replevin by W. C. Sams, as trustee in mortgage
to W. W. Pearce, against J. P. Sparling, in which the
sheriff sold the property under Code 1906, section 4229,
and the mortgagee became the purchaser at the sale, while
the property was in the hands of the sheriff, execution
was issued on a judgment abtained by R. S. DeGraffen-
reid, against J. P. Sparling, and W. W. Pearce filed a
claimant's affidavit in the execution proceedings and his
claim being rejected and judgment being entered on his
claimant's bond, he appeals.

The facts are stated in the opinion of the court.

*Baskin & Wilbourn,* for appellant.

The peremptory instruction for appellee was wrong
and should have been given for appellant for the follow-
ing reasons: First, the deed of trust from Sparling to
Pearce was prior in time and record to appellee's judg-
ment, and was not void for insufficiency of description,
nor was it shown to have been paid, nor could appellee
object to any irregularity in the appointment of W. C.
Sams, substituted Trustee.

Second, even if the description of the trust deed were
void, and it was not, still the proof is that appellee knew
of it before he obtained judgment, and that the debt
was for balance of purchase price.

Third, appellant by his purchase at the sale of the prop-
erty by the sheriff under section 4229, Code 1906, in the re-
plevin suit acquired a good title thereto, and appellee

could only look to the proceeds of such sale; and this too regardless of the merits of the replevin suit.

Fourth, appellee must fail because title was shown in L. E. Campbell.

Fifth, it was made perfectly clear there was no title in J. P. Sparling at the time of the recovery of appellee's judgment nor at the date of the execution and its levy.

Sixth, appellee's attachment was quashed and he acquired no lien thereby.

Seventh, appellant had a prior lien for purchase money, a prior recorded deed of trust, which gave him priority over Campbell, as well as appellee, and he bought and paid for the property at the sale by the sheriff under section 4229, Code of 1906, of which appellee had notice.

Eighth, neither the verdict nor the judgment assessed the articles separately, and there was absolutely no proof of separate valuation.

We submit that this record bristles with errors against appellant, and that the case should be reversed and judgment rendered in this court for appellant, which we respectfully ask.

*T. V. Brahan,* for appellee.

W. C. Sams' substituted trustee appointment was irregular and illegal, under the clause of the deed of trust, which provides, for the neglect or refusal of the trustee named therein, W. G. Hodges, then the *cestui que trust* might *by written endorsement thereon,* appoint another trustee, etc., and this was not done. The deed of trust was the contract between the parties, and unless the substitution was made accordingly, it was illegal and void. See 53 Miss. 119; 70 Miss. 825; 61 Miss. 397; 73 Miss. 713; 85 Miss. 277; 79 Miss. 455 and page 175, ib; 88 Miss. 64; 77 Miss. 433; 74 Miss. 729. It therefore follows that the substituted trustee had no authority to act in any respect.

The plaintiff in execution had a valid judgment against Sparling rendered on April 11, 1912, which was enrolled

on May 2, 1912, and it became a lien upon and bound all the property of the defendant within the county from the rendition thereof, etc.   See section 819 of the Code of 1906, and annotations.

Plaintiff's execution was issued on May 17, 1912, and was received by the sheriff on May 20, 1912, and was levied on the machinery on the same day, as fully appears *ante.* and his counsel pointed out the machinery to the sheriff and gave him the proper description, as appears by his return, but he neglected to advertise and sell it on ·ten days' notice, or before the pretended replevin sales, and afterwards delivered the property to Pearce on his filing the claimant's affidavit and bond.   Therefore, I submit that the plaintiff had the prior, valid lien against the property, and was entitled to have it subjected to the payment of his judgment, and the court properly granted him the peremptory instruction.

Counsel for claimant assign for error the refusal of the court to reopen the case for him, to prove the substitution of the Trustee Sams, and then allowing the plaintiff in execution to recall the officers to prove the value of the machinery; but this was all in the discretion of the court, and I submit the court was right in both rulings, because the Sams' substitution was illegal under the provision of the deed of trust, and it was proper at any time before verdict to have amended or proven the officer's return as to the facts.

STEVENS, J., delivered the opinion of the court.

Appellant, W. W. Pearce, was claimant in the circuit court of Lauderdale county of certain machinery levied on under an execution issued upon an enrolled judgment recovered and owned by appellee against one J. P. Sparling.   Judgment was rendered against W. W. Pearce and the sureties on his claimant's bond, and from this judgment the claimant and his said sureties appeal.

In July, 1911, Mr. Pearce, the owner, sold the property in question to J. P. Sparling, and took a deed of trust to secure five hundred dollars of the purchase money. This trust deed was duly recorded. Mr. Sparling failed to pay the purchase price, and thereafter W. C. Sams, as substituted trustee in said deed of trust, demanded possession of the property, and, failing to obtain possession, instituted an action of replevin to recover possession and to foreclose the trust deed. The writ of replevin was duly issued and levied April 26, 1912; and the sheriff, after making his return on the writ, proceeded to advertise the property for sale under and by virtue of section 4229, Code of 1906, claiming it was necessary to employ a watchman to guard and protect the property, and that the property levied on was too expensive to keep. After this property was levied on under the writ of replevin, execution was issued on the enrolled judgment of appellee against J. P. Sparling, and was placed in the hands of the sheriff May 20, 1912. The property was sold on May 25, 1912, under the provisions of section 4229 aforesaid, and appellee was the highest and best bidder. He failed to pay the bid, however, and the property was readvertised for sale and resold June 10, 1912, under the statute mentioned, and, at the second sale, appellant bid in the property, and the same was struck off to and delivered to him. Appellant thereupon filed his claimant's affidavit in the execution proceedings, and gave bond with his coappellants as sureties. Issue was thereafter made and joined and the cause proceeded to trial, resulting adversely to appellant.

The first assignment of error submits that the court below erred in granting a peremptory instruction to appellee and in refusing a peremptory instruction in favor of appellant. Appellee contends that the description in the deed of trust, held by appellant against J. P. Sparling, is void for uncertainty, and also that W. C. Sams, plaintiff in replevin, was not legally appointed as substituted trustee. The replevin suit was, however, pro-

secuted to judgment; and the plaintiff in that suit recovered a judgment by default against J. P. Sparling. It is undisputed that appellant bought and paid for the property in question at the sale made by the sheriff under section 4229 of the Code of 1906 in the replevin suit.

Under our construction of the statute in question, appellant acquired a good title to the property at the sale made by the sheriff under the statute. By the terms of this statute, the money realized by the sheriff at the public sale stood, after the sale, in lieu of the property. The writ of replevin was lawfully issued, and the property in question lawfully taken in possession under the writ of replevin; and appellee is in no position to question the validity of appellant's judgment in the replevin suit. The sheriff, being lawfully in possession of the property, was by the express terms of section 4229 empowered to make sale of it; and by the further expressed provisions of the statute, "the proceeds of the sale, after payment of proper expenses, shall be in lieu of the thing sold." The statute contemplates, of course, that only one sale should be made; and, unless the purchaser takes the property freed of and not subject to the execution issued and served subsequently to the issuance and service of the writ of replevin, then a valid sale could not, under such circumstances, be made at all under the statute, and the beneficent provisions of the statute in such case could not be availed of. Appellant, in our judgment, took a good title at the sale in question; and the peremptory instruction, instead of being in appellee's favor, should have been in favor of appellant.

Let the judgment of the court below be reversed, and judgment entered for appellant.

*Reversed.*